UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cr-80026-AMC

UNITED STATES OF AMERICA

vs.

JOSHUA GRAUER,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and JOSHUA GRAUER (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges him with Conspiracy to Possess with Intent to Distribute, and Distribute, One Kilogram or more of Heroin, in violation of Title 21, United States Code, Sections 846, 841(a), and (b)(1)(B). This Office agrees to seek dismissal of the remaining counts of the Indictment after sentencing.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence

1

investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. As to Count 1, the Court may impose a term of imprisonment of up to life, and must impose a term of imprisonment of at least ten (10) years, followed by a term of supervised release of at least five (5) years and up to life. In in addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.00.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay

the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.    This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.    The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense

conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant and this Office agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) Under Section 2D1.1(c)(5) of the Guidelines, the weight of the controlled substances for which the defendant is accountable under all relevant conduct results in a Base Offense Level of 30;

(b) If the elements of paragraph 6 relating to acceptance of responsibility are met, the offense level will decrease by three levels;

(c) There are no further applicable adjustments or departures under the Guidelines (except any potential 5K1.1 or Rule 35 motion);

(d) The resulting Total Offense Level would be 27;

(e) If the elements of paragraph 6 relating to acceptance of responsibility are met, the government will recommend a sentence of 120 months' imprisonment (except any potential 5K1.1 or Rule 35 motion);

(f) The government does not promise that it will file a 5K1.1 or Rule 35 motion; and

(g) The parties jointly recommend that the sentence in this case run concurrent to the sentence imposed in the supervised release violation in case number 9:10-cr-80156-DMM.

8. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to all property

constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation alleged in Count One of the Indictment and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853. The property subject to forfeiture includes, but is not limited to:

a. Approximately $100,644 in U.S. currency;
b. Assorted jewelry;
c. 2006 Golf Cart;
d. 1972 Chevrolet Chevelle Malibu Convertible; and
e. 1973 Chevrolet Caprice Classic Convertible.

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the

forfeiture.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/5/21      By: *Marton Gyires*
                       MARTON GYIRES
                       ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/21      _____
                       GLENN HERBERT MITCHELL
                       ATTORNEY FOR DEFENDANT

Date: 10/6/21      _____
                       JOSHUA GRAUER
                       DEFENDANT

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:21-cr-80026-AMC**

**UNITED STATES OF AMERICA**

vs.

**JOSHUA GRAUER,**

      **Defendant.**

_____/

**STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA**

The United States of America, by and through its undersigned Assistant United States Attorney, and JOSHUA GRAUER, (hereinafter referred to as the "Defendant" or "GRAUER"), together with his counsel, admit that the government can prove the allegations contained in Count One of the Indictment, Conspiracy to Possess with Intent to Distribute, and Distribute, One Kilogram or more of Heroin, in violation of Title 21, United States Code, Sections 846, 841(a), and (b)(1)(B). The Defendant also stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are offered for the limited purpose of the guilty plea and consequently does not contain all of the facts known to the government in this case:

    During at least some portions of the dates alleged in the Indictment, GRAUER was involved in the distribution of heroin in the Southern District of Florida.

    On or about May 1, 2019 law enforcement arrested a man named Timothy Maloney after executing a search warrant at his residence in Palm Beach County. Inside the home, law enforcement found, among other things: approximately $38,076 in United States currency, clear vacuum sealed bags; a firearm magazine containing .45 caliber rounds; several containers of pills; plastic bags, and rubber bands; one loaded Springfield Armory .45 caliber handgun; and digital scales. In a Ford truck parked in the driveway of the house, law enforcement found: cocaine packaged in clear plastic bags; heroin in clear plastic bags hidden in the undercarriage; one loaded RG .22 caliber revolver; and cocaine inside vacuum-sealed bags under the hood. Law enforcement also searched the defendant's storage unit located at a nearby Public Storage. Inside the storage unit, law enforcement found, among other things:

approximately $136,729.00 in United States currency; marijuana; ammunition; and drug packaging materials. Investigation revealed that GRAUER was the supplier of the heroin found at Maloney's residence (which was at least two kilograms). According to Maloney, GRAUER was the supplier of the heroin. Maloney recalled that on one occasion when he purchased heroin from GRAUER, GRAUER brought the heroin to Maloney's house and the heroin was inside of a FedEx-type box with an Arizona shipping address. Maloney said he also noticed that there were several empty "kilo wrappers" inside the box. Co-defendant Tyler Roman also gave details explaining GRAUER's role in drug distribution. Investigation also captured GRAUER discussing drug deals on recorded telephone calls through lawfully obtained wiretaps.

I am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney. I understand that the United States must prove the following facts (or "elements") of the offenses beyond a reasonable doubt:

Count 1: Title 21, United States Code, Section 846:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to possess with the intent to distribute or distribute one kilogram or more of heroin.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 10/5/21    By: *Marton Gyires*
                 MARTON GYIRES
                 ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/21    _____
                 GLENN HERBERT MITCHELL
                 ATTORNEY FOR DEFENDANT

Date: 10/6/21    _____
                 JOSHUA GRAUER
                 DEFENDANT

2